UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

NIURKA HURTADO,

    Plaintiff,

vs.

TRI-STAR AIRPORT HANDLING SERVICES COMPANY,

    Defendants.
_____/

**COMPLAINT**

The Plaintiff, NIURKA HURTADO (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, TRI-STAR AIRPORT HANDLING SERVICES COMPANY (hereafter "Defendant"), and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to the American with Disabilities Act to readdress injuries resulting from Defendant's disability based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff was an employee of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA.

4. At all times material hereto , Plaintiff was an "employee" within the meaning the ADA

5. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

6. Plaintiff is and continues to be, a resident of Miami Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a disabled female within a class of individuals protected by the ADA and Plaintiff's disability was known to all those who discriminated against her.

10. Plaintiff started working at the company on June 24, 2021, as a cargo agent.

11. In the early morning of January 31, 2022, she had a very high fever, a lot of discomfort in her body, decay, a sore throat, and shortness of breath.

12. The following day, early in the morning, Plaintiff notified her immediate supervisor, Rachel Diaz, and Suranys Perez, from the human resources department that she could not come in to work due to illness.

13. Plaintiff advised them almost 24 hours in advance of her shift time so that the company had time to accommodate her missing the shift.

14. As part of that conversation the Plaintiff requested an accommodation of time off until she recovered the strength to take a Covid test.

15. In that conversation, Plaintiff informed them that she could not take the COVID test until the weekend because she had no strength to drive or walk in her condition.

16. By Friday of that week, February 4, 2022, Plaintiff was still limited in the major life activities of walking, breathing, eating, and driving.

17. On Saturday, February 5, 2022, Plaintiff felt better, so she took the test.

18. Plaintiff sent a message to her supervisor, letting her know about the test.

19. Mrs. Diaz told Plaintiff that she had to bring a doctor's note.

20. At that moment, Plaintiff let them know that she did not have medical insurance, so she could not get her the doctor's paper but Plaintiff could come back to work.

21. As soon as Plaintiff had it, Plaintiff sent Mrs. Diaz the PCR test result, which came back negative.

22. Mrs. Diaz told Plaintiff that she should call human resources.

23. When Plaintiff finally got in touch with them, Mrs. Perez from HR said that Plaintiff was terminated due to her absences from the previous week.

24. Even though Plaintiff had advised them in advance and had kept in constant communication with them Defendants did not honor her accommodation requests of taking time off up and until Saturday 5th 2022.

25. Plaintiff was limited in the major life activities of walking, breathing, eating, and driving.

26. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on November 28, 2022

## COUNT I
### *Disability Discrimination in Violation of the ADA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this Complaint as if set out in full herein.

28. Plaintiff is a member of a protected class under the ADA.

29. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

30. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Failure to Accommodate in Violation of the ADA.*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

39. Plaintiff is a member of a protected class under the ADA.

40. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

41. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

42. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

44. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

47. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or

federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 2/20/22

Respectfully submitted,

/s/   Elvis J. Adan _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000